

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John W. Pritchett, Member
Board of Water Engineers
Austin, Texas

Dear Sir:

Opinion No. 0-3812
Re: Construction of dams
without permit from
Board of Water Engineers,
and related matters.

We have received your letter of recent date
which reads in part as follows:

"May one lawfully construct and maintain a
dam, impounding public waters, and not having an
opening in the bottom through which may be re-
leased, riparian or other water to which lower
appropriators may be entitled?

"As you know the Act referred to in the
above cited opinion with reference to land owners
rights to construct dams to impound 500 acre
feet of water without having to obtain a permit
therefor, was amended by the 47th legislature to
provide for the construction of a dam to impound
not over 50 acre feet of water without obtaining
a permit therefor.

"Except for the amount of water allowed to
be impounded, it is considered that the opinions
referred to would be in all things applicable
to the amended statutes."

In the first place, we deem it proper to state
that we are of the opinion that the jurisdiction of the
Board of Water Engineers extends to the waters of a non-
navigable stream. Hoefs v. Short, 114 Tex. 301, 273 S.W.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable John W. Pritchett, Page 2

785; Mott v. Boyd, 116 Tex. 82, 286 S.W. 458; Conference opinion to Hon. H. N. Graves, dated September 10, 1914; Article 7467, R. C. S.

The proviso clause of Section 16 of the 1917 act (Acts 1917, 35th Leg., R. S., Ch. 88, H. B. 237) reads as follows:

"... provided, however, that nothing in this section or in this Act shall affect or restrict the right of any person or persons, owning lands in this State to construct on his own property any dam or reservoir which would impound or contain less than five hundred acre-feet of water."

In an opinion dated August 25, 1917 (Conference Opinion No. 1812), Honorable G. B. Smedley held that the above quoted clause merely gives to a person owning land the right to construct such dam or reservoir without submitting his plans to the Board of Water Engineers for approval and that the clause does not give such person the right to use, without permit, the water impounded by such dam or reservoir or to impound and hold in such reservoir water needed by water users having a prior right. This opinion was again adopted and approved on May 8, 1940 by the present Attorney General of Texas.

In 1925 the Legislature amended the 1917 act (Acts 1925, 39th Leg., R. S., Ch. 136, S. B. 349). Section 16 of the 1917 act was amended and the proviso was omitted from the amendment. Section 5 of the amendatory act reads as follows:

"Sec. 5. Any one may construct on his own property a dam and reservoir to impound or contain not to exceed <u>two hundred and fifty acre feet of water</u> without the necessity of securing a permit therefor." (Emphasis supplied)

In our Opinion No. O-1993, addressed to the Board of Water Engineers, we held that Section 5, codified by Vernon as Article 7500a, was unconstitutional because of the irreconcilable conflict between the caption of the act, which provided that one may construct "a dam or reservoir to contain not to exceed <u>fifty acre-feet</u> of water without securing a permit", and the body of the act, which provided for <u>two hundred fifty acre-feet</u>. The opinion held that this section

could not effect the repeal of the proviso of Section 16 of the 1917 act, and also that the amendment of Section 16 did not repeal the proviso.

In 1941 the 47th Legislature passed House Bill No. 69. Section 1 of the bill is quoted as follows:

"Section 1. That Section 5, Chapter 136, Acts of the Regular Session of the Thirty-ninth Legislature be and the same is hereby amended so as to hereafter read as follows:

"Section 5. Any one may construct on his own property a dam and reservoir to impound or contain not to exceed <u>fifty (50) acre-feet</u> of water <u>for domestic and livestock purposes without the necessity of securing a permit therefor.</u>" (Emphasis supplied)

At first glance one can see a marked difference between this section on the one hand and the proviso of the 1917 act and the attempted amendment on the other hand besides the reduction in acre-feet. The above quoted section not only covers the construction of a dam, as do the other two earlier provisions, but it also specifies the use to which the water may be put. House Bill 69 specifically provides that a person may construct a dam on his own property "not to exceed fifty (50) acre-feet of water <u>for domestic and livestock purposes without the necessity of securing a permit therefor.</u>" (Emphasis supplied). Does this provision mean that one may not only construct the dam but also use the water impounded for the stated purposes without the necessity of securing a permit from the Board of Water Engineers? We think that it does. From the manner in which the sentence is phrased it is apparent to us that such interpretation is the one intended by the Legislature. In the first place, the word "permit" is used. The language used is to the effect that one may construct a dam <u>for</u> domestic and livestock purposes without having to secure a permit. The phrase "without the necessity of securing a permit therefor" is placed not after the provision relating to the construction of the dam, but after the specification of the uses. This would certainly seem to indicate that both the construction of the dam and the use of the waters impounded thereby for domestic and livestock purposes could legally be effected without securing a permit from the Board of Water Engineers.

Honorable John W. Pritchett, Page 4

But even more convincing than the phraseology employed by the Legislature is the specification of the uses itself. We quote from the Smedley opinion (Conference Opinion No. 1812) as follows:

"The provision in Section 16 says nothing whatever about the taking or using of water, and it would not be a reasonable construction of it to conclude that it was intended to give to such person the right, without permit, to use or divert the water impounded by the dam or reservoir."

Such are not the conditions here. The bill under consideration covers not only the construction of the dam or reservoir, but also the uses to which the water impounded may be put. The above quoted paragraph stated conversely is to the effect that since the use of the water is covered by the bill, it would be a reasonable construction to conclude that it was intended to give the landowner the right, without permit, to use water impounded by the dam. Such is the construction which we place on the bill.

As we have heretofore mentioned, it was held in Opinion No. 0-1993 that the proviso in Section 16 of the 1917 act was still in force and effect. It is manifest that the terms of the 1941 act are at variance with those of such proviso. It must, therefore, be determined whether such proviso is repealed by the later act. We quote the following from Opinion No. 0-1993:

"The caption of the 1925 Act expresses a general purpose, as indicated by the underscoring; it names Section 16 of the 1917 Act as one of those amended, and sets out the subject matter of the amendment in detail. The caption does not state that Section 16 is expressly repealed; whether it was so intended must be determined before your second question can be correctly answered. Section 5, properly construed, covers the same subject matter as the proviso of Section 16. Apparently, the Legislature intended that Section 5 should take the place of the proviso, and that it should repeal that much of Section 16, by virtue of Section 7, the repealing clause of the 1925 Act.

"Section 5 being void, it cannot have the effect of repealing the proviso. It is a nullity and has no more effect than if it had never been passed. Consolidated Underwriters v. Kirby Lumber Co. (Com. App.) 267 S.W. 703, (revising 250 S.W. 476); Culberson v. Ashford, 118 Tex. 491, 18 S.W. (2d) 585, 39 Tex. Jur. 128; Lewis' Sutherland Statutory Construction, Sec. 245; Marshall v. State. 62 Crim. Rep. 127, 138 S.W. 759. . ."

It is to be noted that Section 5 is similar to the proviso clause of Section 16 in that both provide only for the construction of a dam and say nothing about the use of the impounded water. Therefore, as it was stated in Opinion No. O-1993, apparently it was the legislative intent that Section 5 should take the place of the proviso clause, and that it should repeal that much of Section 16 by virtue of Section 7 of the 1925 act, the repealing clause.

However, the 1941 act is more limited in its wording. It provides that one may construct on his property a dam and reservoir to impound or contain not to exceed fifty acre-feet for domestic and livestock purposes without the necessity of securing a permit therefor. Not only is there a reduction in the number of acre-feet, but there is also a limitation on the uses to which the water may be put. In other words, the only situation where the terms of the 1941 act apply is where the dam and reservoir are to impound not more than fifty (50) acre-feet of water and the water is to be used only for domestic and livestock purposes. Does this act repeal the proviso clause of Section 16, or does it merely limit its scope? We are inclined to the latter view.

There is no provision in the 1941 act specifically repealing any other act or statute, nor is there a general repealing clause. However, whether the 1941 act is considered alone, with no provision relating to the repeal of former laws, or whether it is considered as taking the place of Section 5 of the 1925 (International G. N. Ry. Co. v. Bland, Civ. App., 1915, 181 S. W. 504), so that the general repealing clause of the 1925 act would apply, the result is the same; that is, prior statutes are repealed to the extent of the conflict only. Caddis et al v. Terrell, 101 Texas 574, 110 S.W. 429; Berry v. State, 156 S.W. 626; Marshall v. State, 138 S.W. 759.

If the 1941 act had been couched in general language without specifying the uses of the water, the proviso clause would probably be repealed. See Opinion O-1993. But such is not the case here, and the two provisions may be read together with the later enactment limiting the operation of the proviso clause.

The effect of our holding may be briefly stated as follows: The landowner may construct a dam to impound not more than fifty (50) acre-feet without submitting the plans to the Board of Water Engineers, for approval, and may use the water impounded for domestic and livestock purposes without a permit; however, if the water is to be used for purposes other than domestic and livestock purposes, or if the dam will impound more than fifty and less than five hundred acre-feet, a permit must be obtained before the water may legally be used even though the plans for the dam or reservoir need not be submitted.

We assume that Tierra Blanco Creek is a stream to which riparian rights attach. Hoefs v. Short, 114 Tex. 501, 273 S. W. 785. You ask in your letter whether the landowner may construct the dam without an opening in the bottom through which may be released riparian or other water to which lower appropriators may be entitled.

The 1941 amendment is not to be construed to authorize the use of the water by the owner of the dam and reservoir in a manner which will injure the rights of the users of the water below the dam. In 44 Texas Jurisprudence, p. 113-114, it is said:

> "The right of a riparian or a statutory appropriator to store the water of the stream by the erection of dams (§ 83) is subject to the limitation that he may not thereby work any 'hurt, inconvenience, or damage' to his fellows, either by unreasonably detaining the water, holding it in stagnant and putrid pools, causing it to back upon their lands or by otherwise materially interfering with their enjoyment of the stream. If he commits any such tortious act he can be made to respond in damages, and if a nuisance results the person injured thereby may, in a proper case, abate it. . . . ."

The Supreme Court in the case of Humphreys-Mexia Co. v. Arseneaux, 297 S.W. 225, in an opinion by the late Chief Justice Cureton, had the following to say of Article 7466, R. C. S.:

"The state by the enactment of the statute did not intend that dams could be constructed in a stream bed in such way that the property of others would be taken without compensation; and no statute, even if so intending, would be effective to accomplish this purpose. In the case before us, under the admissions made, the stream is a private stream. It naturally presents a very different case for our determination to what would be presented if the stream was a navigable stream, either in fact or under the statute with the bed owned by the state. We are confining this opinion and our adjudication to the type of stream made by the admission in evidence."

The same reasoning would apply equally to the act under consideration. The effect of the act is merely to give to the landowner the right to construct the dam and the right to use the public waters impounded thereby for domestic and livestock purposes without having to secure a permit from the Board of Water Engineers. It does not affect the rights of the riparian owners.

The interpretation that we have given this act is strengthened by Article 7469, which reads as follows:

"Nothing in this chapter shall prejudice vested private rights."

We call your attention to the fact that the 1941 act authorizes the use of the water for domestic and livestock purposes, the so-called natural uses. 44 Tex. Jur. 101. The landowner as a riparian owner certainly has the right to use the water of the stream for these purposes. The 1941 act gives him the right to use the public waters of this State for these purposes.

You ask what action should be taken upon the violation of these provisions. Of course, if the dam impounds not more than fifty (50) acre-feet of water and the water is used for domestic or livestock purposes, then there is no

Honorable John W. Pritchett, Page 8

violation. If the water is used for a different purpose, or if the dam impounds more than fifty (50) acre-feet and less than five hundred (500) acre-feet, the landowner cannot legally use the public waters impounded thereby until he secures a permit from the Board of Water Engineers. If he uses such water without a permit, then he is violating the law, and he may be prosecuted. Article 7520, Revised Civil Statutes, and Article 858, Penal Code. Also penalties could be recovered under Articles 7521 and 7522, Revised Civil Statutes. Without passing on the question of whether the Legislature could impose the duty of enforcing these articles on the Attorney General, it is sufficient to state that it has not done so. Therefore, the local prosecuting officers are charged with the enforcement of same. Article V, Section 21, Constitution of Texas; Articles 25-32, Code of Criminal Procedure; 15 Tex. Jur. 400.

We trust that the foregoing discussion satisfactorily answers the questions in which you are interested.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By   Glenn R. Lewis
Glenn R. Lewis
Assistant

By   George W. Sparks
George W. Sparks

GWS:fs

APPROVED AUG 21, 1941

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY ___
CHAIRMAN